Ilan S. Schoenberger, Esq. County Attorney, Rockland
I am writing in response to a request from your office for an Attorney General's opinion concerning the cost of providing record books and related materials to firearms dealers, which are required by section400.00 of the Penal Law.
As part of New York's firearms licensing law, Penal Law, § 400.00
requires gunsmiths and dealers in firearms* to maintain a record of all transactions involving firearms. These requirements are contained in subdivision 12 of section 400.00 which provides, inter alia:
 "Any person licensed as gunsmith or dealer in firearms shall keep a record book approved as to form, except in the city of New York, by the superintendent of state police. In the record book shall be entered at the time of every transaction involving a firearm the date, name, age, occupation and residence of any person from whom a firearm is received or to whom a firearm is delivered, and the calibre, make, model, manufacturer's name and serial number, or if none, any other distinguishing number or identification mark on such firearm" (Penal Law, § 400.00[12]).
In order to buy a firearm the purchaser must produce a license authorizing possession of the weapon or show authorization to carry the weapon by virtue of their peace officer status. Within ten days of the sale, section 400.00 requires the seller to send a "transaction report" to the Division of State Police. An original of the report is retained in a record book to be kept on the premises (ibid.). The statute is silent as to who is responsible for distributing the record books to the firearms dealers. Under the current practice, however, it is our understanding that firearms dealers obtain the books from the county at county expense.
Section 400.00 also provides guidelines for the issuance of licenses to carry firearms. Licenses can only be issued by specifically defined licensing officers, usually judges of courts of record within the county of issuance (Penal Law, § 265.00[10]).* As the licensing process is set forth in section 400.00, and as a matter of practice, licensing officers' involvement is limited to the issuance of the license. They do not participate in the reporting of sales and the maintenance of the record books pursuant to subdivision 12 of section 400.00.
Subdivision 13 of section 400.00 deals with the question of costs and provides as follows:
 "Expenses. The expense of providing a licensing officer with blank applications, licenses and record books for carrying out the provisions of this section shall be a charge against the county, and in the city of New York against the city" (Penal Law, § 400.00[13]).
Your question is whether this provision obligates the county to assume the cost of providing record books to firearms dealers.
On its face, the statute requires the county to reimburse licensing officers for the expenses of applications and licenses associated with firearm licensing and registration. The county is also charged with the cost of providing the licensing officer with "record books for carrying out the provisions of this section" (ibid.). The reference to "record book" here is somewhat ambiguous, because the statute does not require the licensing officer to maintain a record book. The only record book referred to in section 400.00 is the record book of sales maintained by the firearms dealer. In our opinion, this reference to "record book" can only mean the record book maintained by the firearms dealers, since section 400.00 neither mentions nor contemplates any other record book. The statute provides that the county assumes the cost of providing these record books. Although an ambiguity is created by the reference to the licensing officer, who is not directly involved in their distribution, we nevertheless believe the Legislature's intention was to make these books a county charge. Subdivision 13 is the only provision in section 400.00 which deals with charges and clearly makes provision of these books a county expense. This factor, together with the absence of any other provisions for payment, overcomes any ambiguity created by the reference to the licensing officer.
We conclude that the costs of providing record books for registration of firearm sales under Penal Law, § 400.00 is a county charge.
* These terms are defined by the Penal Law in the following way:
 "`Gunsmith' means any person, firm, partnership, corporation or company who engages in the business of repairing, altering, assembling, manufacturing, cleaning, polishing, engraving or trueing, or who performs any mechanical operation on, any firearm or machinegun.
• • •
 "`Dealer in firearms' means any person, firm, partnership, corporation or company who engages in the business of purchasing, selling, keeping for sale, loaning, leasing, or in any manner disposing of, any pistol or revolver." (Penal Law, § 265.00[8], [9]).
* Subdivision 10 of section 265.00 provides as follows:
 "`Licensing officer' means in the city of New York the police commissioner of that city; in the county of Nassau the commissioner of police of that county; in the county of Suffolk the sheriff of that county except in the towns of Babylon, Brookhaven, Huntington, Islip and Smithtown, the commissioner of police of that county; and elsewhere in the state a judge or justice of a court of record having his office in the county of issuance."